UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:20-CR- 172 |
| v. | : | (JUDGE Wilson) |
| ESEYUIEL CARABALLO, Defendant. | : | Filed under seal |

FILED
HARRISBURG, PA
JUL 22 2020
PER _____ MW
DEPUTY CLERK

# INDICTMENT

## COUNT 1
(False statement during purchase of a firearm)

THE GRAND JURY CHARGES:

On or about March 28, 2017, in Dauphin County, within the Middle District of Pennsylvania, the defendant,

ESEYUIEL CARABALLO,

in connection with the acquisition of a firearm, that is, a Taurus, model PT111 (serial number TKN81151), from Bass Pro Outdoor World LLC, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to the dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the sale of said firearm to the defendant under Chapter 44 of Title 18, in that the defendant

represented that he was the actual buyer of said firearm when in fact as the defendant then knew, he was not the actual buyer of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 2
(False statement during purchase of a firearm)

THE GRAND JURY FURTHER CHARGES:

On or about May 23, 2017, in Schuylkill County, within the Middle District of Pennsylvania, the defendant,

ESEYUIEL CARABALLO,

in connection with the acquisition of a firearm, that is, a Smith & Wesson, model SD40VE (serial number HEX1284), from High Capacity Inc./Ed's Sport Shop, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to the dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the sale of said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual buyer of said firearm when in fact as the defendant then knew, he was not the actual buyer of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 3
(False statement during purchase of a firearm)

THE GRAND JURY FURTHER CHARGES:

On or about December 13, 2017, in Schuylkill County, within the Middle District of Pennsylvania, the defendant,

ESEYUIEL CARABALLO,

in connection with the acquisition of a firearm, that is, a Ruger, model SR40 (serial number 342-65106), from High Capacity Inc./Ed's Sport Shop, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to the dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the sale of said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual buyer of said firearm when in fact as the defendant then knew, he was not the actual buyer of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 4
(False statement during purchase of a firearm)

THE GRAND JURY FURTHER CHARGES:

On or about June 18, 2018, in Cumberland County, within the Middle District of Pennsylvania, the defendant,

ESEYUIEL CARABALLO,

in connection with the acquisition of a firearm, that is, a Smith & Wesson, model SD9VE (serial number HED7591), from SPAR Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to the dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the sale of said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual buyer of said firearm when in fact as the defendant then knew, he was not the actual buyer of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 5
(False statement during purchase of a firearm)

THE GRAND JURY FURTHER CHARGES:

On or about June 22, 2018, in Cumberland County, within the Middle District of Pennsylvania, the defendant,

ESEYUIEL CARABALLO,

in connection with the acquisition of a firearm, that is, a PW Arms, model M70A (serial number 29306), from SPAR Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to the dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the sale of said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual buyer of said firearm when in fact as the defendant then knew, he was not the actual buyer of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 6
(False statement during purchase of a firearm)

THE GRAND JURY FURTHER CHARGES:

On or about June 24, 2018, in Cumberland County, within the Middle District of Pennsylvania, the defendant,

ESEYUIEL CARABALLO,

in connection with the acquisition of a firearm, that is, a SCCY, model CPX-1 (serial number 631335), from SPAR Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to the dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the sale of said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual buyer of said firearm when in fact as the defendant then knew, he was not the actual buyer of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 7
(False statement during purchase of a firearm)

THE GRAND JURY FURTHER CHARGES:

On or about June 25, 2018, in Cumberland County, within the Middle District of Pennsylvania, the defendant,

ESEYUIEL CARABALLO,

in connection with the acquisition of firearms, that is, a SCCY, model CPX-1 (serial number 627781) and a SCCY, model CPX-1 (serial number 700152), from SPAR Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to the dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the sale of said firearms to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual buyer of said firearms when in fact as the defendant then knew, he was not the actual buyer of said firearms.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 8
(False statement during purchase of a firearm)

THE GRAND JURY FURTHER CHARGES:

On or about June 30, 2018, in Cumberland County, within the Middle District of Pennsylvania, the defendant,

ESEYUIEL CARABALLO,

in connection with the acquisition of a firearm, that is, a SCCY, model CPX-1 (serial number 627780), from SPAR Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to the dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the sale of said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual buyer of said firearm when in fact as the defendant then knew, he was not the actual buyer of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 9
(False statement during purchase of a firearm)

THE GRAND JURY FURTHER CHARGES:

On or about July 3, 2018, in Cumberland County, within the Middle District of Pennsylvania, the defendant,

ESEYUIEL CARABALLO,

in connection with the acquisition of firearms, that is, a SCCY, model CPX-1 (serial number 627800), a SCCY, model CPX-1 (serial number 616450), a SCCY, model CPX-2 (serial number 277318), and a Smith & Wesson, model SD40VE (serial number HFW9884), from SPAR Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to the dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the sale of said firearms to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual buyer of said firearms when in fact as the defendant then knew, he was not the actual buyer of said firearms.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 10
(False statement during purchase of a firearm)

THE GRAND JURY FURTHER CHARGES:

On or about July 9, 2018, in Cumberland County, within the Middle District of Pennsylvania, the defendant,

ESEYUIEL CARABALLO,

in connection with the acquisition of a firearm, that is, a Taurus, model G2S931 (serial number TLS32739), from SPAR Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to the dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the sale of said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual buyer of said firearm when in fact as the defendant then knew, he was not the actual buyer of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 11
(False statement during purchase of a firearm)

THE GRAND JURY FURTHER CHARGES:

On or about July 10, 2018, in Cumberland County, within the Middle District of Pennsylvania, the defendant,

ESEYUIEL CARABALLO,

in connection with the acquisition of a firearm, that is, a Smith & Wesson, model SD40VE (serial number FXC8344), from SPAR Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to the dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the sale of said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual buyer of said firearm when in fact as the defendant then knew, he was not the actual buyer of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 12
(False statement during attempted purchase of a firearm)

THE GRAND JURY FURTHER CHARGES:

On or about July 26, 2018, in Cumberland County, within the Middle District of Pennsylvania, the defendant,

ESEYUIEL CARABALLO,

in connection with the attempted acquisition of firearms, that is, a Glock, model 22 Gen 3 (serial number HHC829) and a Glock, model 26 (serial number BCYC645), from Field and Stream, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to the dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the sale of said firearms to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual buyer of said firearms when in fact as the defendant then knew, he was not the actual buyer of said firearms.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 13
(False statement during attempted purchase of a firearm)

THE GRAND JURY FURTHER CHARGES:

On or about August 26, 2018, in Cumberland County, within the Middle District of Pennsylvania, the defendant,

ESEYUIEL CARABALLO,

in connection with the attempted acquisition of a firearm, that is, a Smith & Wesson, model SD40VE (serial number FXC5475), from Field and Stream, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to the dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the sale of said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual buyer of said firearm when in fact as the defendant then knew, he was not the actual buyer of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

                                                A TRUE BILL

DAVID J. FREED
UNITED STATES ATTORNEY

*[signature]*                   07/22/2020

CARLO D. MARCHIOLI      DATE
<u>ASSISTANT U.S. ATTORNEY</u>